UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__10/10/2023__
```

CLAUDE O. POWELL, JR.,

                    Plaintiff,

        -against-

NEW YORK CITY COMPTROLLER; NYPD
28TH PRECINCT; POLICE OFFICER
NARAIN #26494; POLICE OFFICER RAMOS
#15445,

                    Defendants.

1:23-cv-4618 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff brings this action *pro se*.[1] He invokes the Court's federal question jurisdiction and asserts claims against the 28th Precinct of the New York City Police Department (NYPD), two NYPD officers, and the New York City Comptroller. The Court liberally construes Plaintiff's claims as arising under 42 U.S.C. § 1983 and related state laws. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff leave to replead within 30 days.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also *sua sponte* may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of*

---

[1] Plaintiff paid the filing fee to bring this action.

*Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff's claims arose on July 17, 2021, at 146 West 124th Street in Manhattan. (ECF 1 at 5.) Plaintiff alleges the following facts. He had been released from Central Booking and had a copy of a "limited order of protection." (*Id.*) Plaintiff attaches to the complaint a temporary order of protection issued by the Honorable M. Jackson of the Criminal Court, New York County, which directs Plaintiff to refrain from assaulting, stalking, menacing, harassing, or engaging in any criminal conduct against Ebony Kendricks. (*Id.* at 10.)[2] When Plaintiff arrived home, the lock on the door had been changed, and he was unable to enter. (*Id.* at 5.) Plaintiff called 911, and Police Officers Narain and Ramos arrived. Plaintiff showed them the "limited order of protection" and he contends that, on this basis, he "should have been allowed entry into [his] apartment." (*Id.*) The officers "listened to Ebony's story," blocked the door, and "closed [it] with the slam lock on it." (*Id.*) Plaintiff thus "could not enter [his] apartment," as he understood that "Judge Jackson [had] ordered." (*Id.*)[3]

---

[2] The temporary order of protection references criminal indictment CR-016322-21 NY, and another exhibit to the complaint indicates that, on October 27, 2021, Plaintiff's motion to dismiss the criminal charges against him was granted and those proceedings were sealed. (*Id.* at 9.).

[3] On the same day that Plaintiff filed this action, he filed three other actions in this Court. First, he filed a suit alleging that police officers from a different precinct refused to assist him when he returned to his apartment to find the lock changed. *See Powell v. New York City Comptroller*, No. 23-CV-04616 (MKV) (S.D.N.Y. filed June 1, 2023) (suing officers from the 32nd Precinct). Plaintiff also brought suit against the Housing Court and Housing Court Judge Anne Katz, who presided over proceedings involving Plaintiff and Ebony Hendricks. *See Powell v. New York*

Plaintiff brings this suit against the NYPD's 28th Precinct, NYPD Officers Narain and Ramos, and the New York City Comptroller. Plaintiff seeks $100 million in damages.

## DISCUSSION

### A.    Claim Against the NYPD's 28th Precinct

As an agency of the City of New York, the NYPD and its precincts lack the capacity to be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Instead, any claims against the NYPD or its subdivisions must be brought against the City of New York. The Court therefore dismisses Plaintiff's claims against the NYPD's 28th Precinct.

Moreover, there does not appear to be any reason to liberally construe Plaintiff's claims against the NYPD as being asserted against the City of New York. When a plaintiff sues a municipality under 42 U.S.C. § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)). In other words, to state a Section 1983 claim against a

---

*Housing Court*, No. 23-CV-04617 (MKV) (S.D.N.Y. filed June 1, 2023). In addition, he brought an action arising from his July 16, 2021 arrest. *See Powell v. New York City Comptroller*, No. 23-CV-04615 (MKV).

municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff does not allege facts suggesting that a policy or custom of the City of New York caused a violation of his rights. The Court therefore does not recharacterize Plaintiff's claims against the NYPD's 28th Precinct as a Section 1983 claim against the City of New York.

**B.     Claim for Denial of Government Aid**

To state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff sues NYPD Police Officers Narain and Ramos for failing to assist him in gaining entry to his apartment, and the Court construes these allegations as a claim arising under Section 1983 for a violation of his constitutional rights.

The U.S. Constitution, however, generally does not provide individuals with an affirmative right to government aid. *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189, 196-97 (1989) (holding that the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"). Courts have recognized in various contexts that government officials, including police officers, have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005) (holding that plaintiff did not have a property interest, for purposes of the Due Process Clause, in police enforcement of a restraining order against her husband and she did not have a civil claim based on police officers' failure to arrest him). Thus, an "allegation that a police officer refused to take police action is not a cognizable

constitutional violation." *Olabopo v. Gomes*, No. 13-CV-5052, 2016 WL 5477586, at *4 (E.D.N.Y. Sept. 29, 2016) (citing *Matican v. City of New York*, 524 F.3d 151 (2d Cir. 2008)).

Courts have recognized two exceptions to the rule that there is no right to government aid: (1) if "the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) the government may assume some obligation when it "assist[s] in creating or increasing the danger," *Matican*, 524 F.3d at 155. There are no facts alleged in the complaint that suggest that either exception applies in this case.

Plaintiff's allegations that the NYPD police officers failed to assist him in gaining entry to the apartment at West 124th Street thus do not show a violation of a constitutional right and do not state a claim under Section 1983 upon which relief can be granted.[4] Plaintiff's Section 1983 claims against NYPD Police Officers Narain and Ramos must therefore be dismissed.

## C.      Claims Against New York City Comptroller

Plaintiff names the New York City Comptroller as a defendant in the caption of the complaint, but he does not otherwise mention this defendant in the complaint. To state a claim under Section 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Plaintiff does not allege any facts showing how the New York City Comptroller was personally involved in the events underlying his claims.

---

[4] The Court also notes that the temporary order of protection attached to the complaint is silent on the issue of possession of the apartment.

Plaintiff's Section 1983 claims against the New York City Comptroller are therefore dismissed for failure to state a claim on which relief may be granted.

### D.     State Law Claims

Although Plaintiff has not invoked state law, a *pro se* litigant's complaint generally must be liberally construed as including related state law claims. See *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017). A district court may decline to exercise supplemental jurisdiction over state-law claims, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### E.     Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be

stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) ("[F]ailure to provide notice and an opportunity to be heard prior to dismissal is a 'bad practice in numerous contexts' and 'reversible error' in others."). Although the complaint gives no indication that Plaintiff could allege additional facts that would state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. The Court reiterates that the NYPD's 28th Precinct is not a proper defendant and thus should not be named in the amended complaint. Plaintiff also should not include the New York City Comptroller unless he alleges facts suggesting liability on the part of this defendant.

If Plaintiff chooses to file an amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant in the "Statement of Claim" section of the amended complaint form. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief, such as:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to

relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 are dismissed for failure to state a claim on which relief can be granted. The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction with respect to Plaintiff's state law claims.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 23-cv-4618 (MKV). An Amended Complaint form is attached to this Order. No answer shall be required at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline supplemental jurisdiction over Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   **October 10, 2023**
         **New York, New York**

**MARY KAY VYSKOCIL**
**United States District Judge**

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name              Middle Initial      Last Name

_____

Street Address

_____

County, City                    State          Zip Code

_____

Telephone Number          Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:  _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                     Zip Code

Defendant 2:  _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                     Zip Code

Defendant 3:  _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                     Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.