UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2023
```

CLAUDE O. POWELL, JR.,

     Plaintiff,

-against-

NEW YORK CITTY COMPTROLLER, et al.,

     Defendants.

1:23-cv-4618

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

  This is one of five actions Powell has filed *pro se* before this Court. *See Powell v. N.Y.C. Comptroller*, 1:23-cv-4615; *Powell v. N.Y.C. Comptroller*, 1:23-cv-4616; *Powell v. New York Housing Court*, 1:23-cv-4617; *Powell v. N.Y.C. Comptroller*, 1:23-cv-10095. Each action appears to involve Powell's arrest in July 2021 by the New York Police Department and/or related events.

  A review of court records indicates that the complaint in this action was filed on June 1, 2023, and that no proof of service has been filed. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

  In an Order dated October 6, 2023, the Court directed Plaintiff "to serve the defendant and file proof of service on the docket on or before November 3, 2023." [ECF No. 4.] The Court warned that "[i]f service has not been made on or before that date, and if plaintiff fails to show cause, in writing, why service has not been made, the complaint will be dismissed for failure to

prosecute pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure." [ECF No. 4.] Plaintiff did not respond. Nothing was filed by November 3.

Further, in an Order of Dismissal dated October 10, 2023, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief can be granted and directed Plaintiff to file any amended complaint within 30 days. [ECF No. 5.] The Court warned that "[i]f Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline supplemental jurisdiction over Plaintiff's state law claims." [ECF No. 5.] No amended complaint was filed, nor was good cause shown.

Given the Plaintiff's *pro se* status, the Court thereafter issued <u>another</u> Order to Show Cause. [*See* ECF No. 6.] The Court directed Plaintiff to "file an amended complaint, serve defendants, and file a letter showing cause why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" on or before December 11, 2023. [ECF No. 6.] The Court noted that Plaintiff was "ultimately responsible for prosecuting his case" and warned, in bold-faced and underlined text, that "**<u>failure to comply with this Order (or any other Order of this Court) and to prosecute his case will result in sanctions, including dismissal of this action</u>**." [ECF No. 6.] Plaintiff—again—did not take any action.

The Complaint was filed over six months ago. Despite repeated warnings, Plaintiff has not filed proof of service on the docket, amended his complaint, or otherwise responded to Orders of this Court. Thus, this action is dismissed under Federal Rules of Civil Procedure 4(m) and 41.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date: **December 12, 2023**  
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

2